PER CURIAM.*
 

 | ¶ Petitioner, Benjamin W. Gulick, successfully passed the essay portion of the Louisiana Bar Examination. However, the Committee on Bar Admissions declined to certify him for admission to the bar based upon character and fitness concerns relating to his diagnosis of alcohol dependency and his record of drug- and alcohol-related arrests and citations. Petitioner then applied to this court, seeking admission to the practice of law. In 2009, we denied his application, finding that he had not satisfied his burden of proving his good moral character and fitness to practice law.
 
 In re: Gulick,
 
 09-0869 (La.5/15/09), 8 So.3d 555. We further stated that petitioner could not re-apply for admission until he could “demonstrate at least a one-year period of sobriety and compliance with the terms and conditions of his contract with the Lawyers Assistance Program, and in no event less than one year from the date of this judgment.”
 

 In 2011, petitioner filed the instant application, his second seeking admission to the practice of law in Louisiana. In his application, petitioner represents that he has maintained “complete and continuous sobriety” for the last two years. However, he also acknowledges that he has not been in full compliance with his LAP agreement during that time. Specifically, petitioner has failed to timely submit the required written monthly sobriety reports in November 2010, December 2010, and January |22011. He also failed to submit documentation regarding his attendance at AA meetings for those three months. Furthermore, petitioner did not provide written sobriety reports or documentation of AA meetings for the months of January 2010 through June 2010 due to a car accident.
 

 After reviewing the evidence and considering the law, we conclude that at this time, petitioner has failed to meet his burden of proving that he has good moral character and fitness to practice law.
 
 See
 
 Supreme Court Rule XVII, § 5(D). Accordingly, it is ordered that the application for admission be and hereby is denied. Pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not re-apply for admission until he can demonstrate at least a one-year period of compliance with each and every term and condition of his contract with the Lawyers Assistance Program.
 

 ADMISSION DENIED.
 

 Chief Justice Kimball not participating in the opinion.